# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 23-60235
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 2, 2024

Lyle W. Cayce
Clerk

Lingling Zheng,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

—————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 383 986

—————————————————————

Before Jolly, Engelhardt, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Lingling Zheng, a native and citizen of China, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal and affirming the Immigration Judge's (IJ's) denial of her application for asylum and withholding of removal. The denial of asylum and withholding of removal are the only issues before us because Zheng does not challenge the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

BIA's determination that she waived any challenge to denial of her request for protection under the Convention Against Torture. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). The BIA's affirmance on the asylum and withholding of removal claims was based on its affirmance of the IJ's adverse credibility determination.

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Because the BIA's determinations that Zheng was incredible and ineligible for asylum and withholding of removal are reviewed for substantial evidence, we should not disturb them unless the evidence compels a contrary conclusion. *Singh*, 880 F.3d at 224-25; *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017).

The BIA "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Avelar-Oliva v. Barr*, 954 F.3d 757, 768 (5th Cir. 2020) (internal quotation marks and citation omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). Here, Zheng does not challenge the BIA's affirmance of the IJ's finding that Zheng failed to provide a persuasive explanation for the irreconcilable differences between her border interview and her testimony and asylum statement regarding her travels from China to the United States. She has thus forfeited review of that credibility finding. *See Soadjede*, 324 F.3d at 833. Because the BIA may rely on any inconsistency and the totality of the circumstances support its determination that Zheng was not credible, Zheng's challenge to the adverse credibility determination is unavailing.

In sum, we uphold the adverse credibility determination, notwithstanding Zheng's claim that the IJ made inconsistent credibility findings, which is meritless. *See Singh*, 880 F.3d at 225. That adverse

No. 23-60235

credibility finding, in turn, suffices to deny Zheng's claims for asylum and withholding of removal.  *See Arulnanthy v. Garland*, 17 F.4th 586, 597 (5th Cir. 2021); *Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994).  There is thus no need to consider her remaining arguments concerning such relief, including her arguments that the BIA erred in not addressing the merits of her claims and her challenge to the IJ's admission of and reliance upon a magazine article over her objection.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

The petition  for review is DENIED.